Hazlett et al., Appellants, *v.* McCutcheon et al.

*Landlord and tenant—Growing crop—Distress—Exemption—Tax sale.*

A landlord seized a crop of growing wheat under a landlord's warrant, on a lease which expired before the crop matured. The tenant claimed exemption and the property was set aside for him. Under the lease the tenant was bound to pay the taxes. He, however, failed to do so, and the tax collector sold the growing crops and other property to defendant for the taxes. *Held,* in an action of replevin, that the landlord could not recover from defendant the value of the wheat.

Argued Nov. 9, 1893. Appeal, No. 291, Oct. T., 1893, by James E. Hazlett et al., from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 252, on verdict for defendants, Hugh McCutcheon, Samuel McCutcheon and James McCutcheon. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Replevin to recover wheat and wheat straw alleged to have been removed from plaintiffs' farm. Before McCLUNG, J.

At the trial, it appeared that Samuel McCutcheon, tenant of plaintiffs' farm, under a five years' written lease, commencing April 1, 1886, had sown the wheat in the fall of 1890. The lease provided that the tenant " shall pay and work out all taxes assessed against said farm."

On Nov. 7, 1890, plaintiffs issued a landlord's warrant and distrained the wheat. The tenant claimed the benefit of the exemption laws, demanded an appraisement, and the wheat was appraised and set aside for him Nov. 14, 1890. On the same day plaintiffs served a notice on the tenant to leave in thirty days for nonpayment of rent—the thirty days expiring Dec. 15, 1890. Plaintiffs took possession on this latter date and have held the premises ever since.

On Oct. 27, 1890, the treasurer of Allegheny county issued and delivered to the tax collector a warrant and a schedule of unpaid taxes assessed in Indiana township for the year 1890, including those upon said farm, to wit, $18.40 county taxes and $4.60 township taxes. Having demanded payment of the taxes from the tenant and thirty days having elapsed, the collector, on Dec. 4, 1890, levied upon the wheat and upon other per-

sonal property, and, after ten days' notice required by law, sold the same at public sale to Hugh McCutcheon. The wheat sold for $67.50. The collector after taking out the taxes and costs paid over the balance to Samuel McCutcheon. Defendants cut and took away the wheat for Hugh McCutcheon when it was ripe.

Binding instructions were given for defendants.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was above instruction, not quoting it.

*James Fitzsimmons, John S. Robb* with him, for appellants, cited: Bittinger v. Baker, 29 Pa. 66; Backentoss v. Stahler, 33 Pa. 251; Wilkins v. Vashbinder, 7 Watts, 378; Bank of Pa. v. Wise, 3 Watts, 394; Bear v. Bitzer, 16 Pa. 175; Sallade v. James, 6 Pa. 144; Cobel v. Cobel, 8 Pa. 343; Waugh's Ex'rs v. Waugh, 84 Pa. 350; 1 Washburn on Easements, p. 132; Sheaffer v. Sheaffer, 37 Pa. 525; Kenrick v. Smick, 7 W. & S. 41; Kreutz v. McKnight, 53 Pa. 319; Whitmarsh v. Cutting, 10 Johns. 360; Chesley v. Welch, 37 Me. 106; Oland's Case, 5 Rep. 116; 1 Washburn on R. Prop., p. 121; 2 Bl. Com., p. 133; Debow v. Colfax, 5 Halsted, 128; Snyder v. Vaux, 2 Rawle, 423; Powell v. Smith, 2 Watts, 126; Richardson v. York, 2 Shepley, 216; Lee v. Gould, 47 Pa. 398; Burns v. Cooper, 31 Pa. 426; Burnside v. Weightman, 9 Watts, 46; Kenrick v. Smick, 7 W. & S. 41; Davis v. Moss, 38 Pa. 346; Manser v. Dix, 8 De G., M. & G. 703.

*Marshall Brown,* for appellees, cited: Acts of March 21, 1772, 1 Sm. L. 365; April 3, 1804, 4 Sm. L. 203; April 15, 1834, P. L. 556; April 9, 1849, § 2, P. L. 533; May 1, 1861, P. L. 450; Caldwell v. Moore, 11 Pa. 58; Moore v. Marsh, 60 Pa. 46; Parsons v. Allison, 5 Watts, 72; Hershey v. Metzgar, 90 Pa. 218; Myers v. White, 1 Rawle, 353; Bittinger v. Baker, 29 Pa. 66; Sallade v. James, 6 Pa. 144; Bear v. Bitzer, 16 Pa. 175; McGregor v. Montgomery, 4 Pa. 237.

Per Curiam, November 14, 1893:

It clearly appears from an examination of the testimony that the plaintiffs had no case, and hence there was no error in directing the jury to find for the defendants.

Judgment affirmed.